[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14589
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20355-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERVIL ALCINOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 2, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Thervil Alcinor appeals his total 88-month sentence, imposed within the advisory guideline range, after he pled guilty to possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On appeal, Alcinor argues that the district court erred by (1) denying his request for a minor role reduction; (2) attributing to him the entire loss resulting from the scheme he aided and abetted; and (3) imposing a sentence he contends is procedurally and substantively unreasonable. We address each argument in turn.

## I.

Alcinor first argues that the district court erred by denying him a two-level reduction based on his role in the offense. He contends the factual proffer established he was only an aider and abettor in the fraud scheme, and the district court failed to make sufficient findings regarding his role in the offense.

Under the Sentencing Guidelines (the Guidelines), a defendant may receive a two-level reduction for having a minor role in the offense. U.S.S.G. § 3B1.2(b). The sentencing court's determination of the defendant's role in the offense is a factual finding that we review for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). In determining whether a minor or mitigating role adjustment applies, the district court should consider two principles: "first, the defendant's role in the relevant conduct for which [he] has

2

been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *Id.* at 940. "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." *Id.* at 939 (emphasis omitted).

Here, the district court did not clearly err by denying Alcinor a minor role reduction. Alcinor bore the burden of demonstrating by a preponderance of the evidence that he was less culpable than other participants. *See id.* (defendant bears the burden of establishing qualification for a minor role reduction). However, although Alcinor was aware that he needed to present evidence, he chose not to do so—indeed, he presented no evidence to meet that burden. Instead, he relied on the fact that he was only an "aider and abettor" of the crime. But the mere fact that Alcinor aided and abetted the crime does not mandate the minor role reduction. *See id.* at 944 ("The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants."). Further, the district court's determination is supported by the record. During the change of plea hearing, Alcinor admitted to extensive involvement in the relevant conduct. For these reasons, it was not clearly erroneous for the district court to conclude that

3

Alcinor did not have a minor role in the offense. *See United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015).

In sum, Alcinor declined to provide the sentencing court with evidence to support the role reduction, and the district court's decision is supported by the record. And, because the record supports the district court's findings, the court was required to give no more than a simple statement of its conclusion. *See De Varon*, 175 F.3d at 947. Thus, we will not disturb the district court's exercise of its "considerable discretion in making this fact-intensive determination." *See United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002).

## II.

Alcinor also contends that the district court erred by attributing to him the entire loss resulting from the scheme, as he avers that he only aided and abetted the scheme and that the government failed to present reliable and specific evidence to support its claim of loss attributable to him.

"[W]e review a district court's determination of monetary loss for clear error." *See United States v. Cavallo*, 790 F.3d 1202, 1232 (11th Cir. 2015). We have held that "the loss amount does not need be precise and may only be a reasonable estimate of the loss based on the available information." *United States v. Woodard*, 459 F.3d 1078, 1087 (11th Cir. 2006) (per curiam) (citing U.S.S.G. § 2B1.1 cmt. n.3). The amount of loss attributable to a defendant includes "all acts

and omissions committed, aided, [and] abetted . . . by the defendant." U.S.S.G. § 1B1.3(a)(1)(A).

Alcinor admitted during his change of plea hearing that the scheme he aided and abetted caused losses in amounts of $700,462.00, $12,220.00, $174,862.20, and $37,137.28. Therefore, as Alcinor concedes on appeal, the undisputed facts establish that he was an aider and abettor in a fraud scheme in which the gross loss was approximately $900,000.00. This is consistent with the district court's findings. The district court at sentencing acknowledged that the scheme "resulted in close to a million dollars' worth of loss," and at the time of sentencing, only the $45,000 that was found in the search of Alcinor's house had been repaid. Under the Guidelines, because Alcinor aided and abetted the scheme that caused such loss, the full loss amount may be attributed to him. *See* U.S.S.G. § 1B1.3(1)(A). In light of Alcinor's admission and this Guidelines rule, Alcinor's contention that the government did not present sufficient evidence to support its claim of loss attributable to him is without merit.[1] Accordingly, the district court did not clearly err in attributing the entire loss amount to Alcinor.

---

[1] Alcinor also contends that the district court erred in failing to make sufficient factual findings in its determination of the amount of loss. However, the district court's failure to elaborate on its loss calculation does not require remand because we may affirm for any reason supported by the record, and the record supports the loss attribution. *See*, *e.g.*, *United States v. Estremera*, 321 F. App'x 818, 820 (11th Cir. 2009) (per curiam) (reaching a similar conclusion); *see also United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (noting that we may affirm for any reason supported by the record, even if not relied on by the district court).

## III.

Alcinor next argues that his sentence is unreasonable.  He contends his sentence is procedurally unreasonable because the district court failed to adequately explain its reasoning, and that his sentence is substantively unreasonable because the district court refused to grant a downward sentencing variance, resulting in a sentence that is greater than necessary to comply with the statutory purposes of sentencing.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party who challenges the sentence "bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district court should articulate enough to satisfy us that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision[-]making authority."  *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  We examine whether a sentence is substantively reasonable in light of the totality of the

6

circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553.[2]

We are not left with a "firm conviction" that Alcinor's sentence was procedurally or substantively unreasonable.  The district court did not err in calculating the guideline range and adequately explained its reasoning behind the sentence it imposed.  The district court is generally not required to explicitly discuss each of the § 3553(a) factors—its consideration of the defendant's arguments at sentencing and statement that it took the factors into account is sufficient.  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Further, the district court weighed the relevant § 3553(a) factors and we will not reweigh them absent clear error.  *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).  Although Alcinor argues that his lack of a criminal history, his family history and characteristics, and the facts of the underlying case warranted a downward variance, the decision about how much weight to assign a particular factor is committed to the discretion of the district court.  *See id.*  We have held that a court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where, as here, the court

---

[2] These purposes include, for example, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(1)–(7).

indicates that it considered all the § 3553(a) factors. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Finally, we note that Alcinor's sentence was imposed within his advisory Guidelines range, which is an additional indicium of its reasonableness. *See United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

## IV.

Upon reviewing the record on appeal and considering the parties' briefs, we find no reversible error. The district court did not clearly err in denying Alcinor's request for a minor role reduction as he presented no evidence in support of his request, and the record reflects a significant level of participation by Alcinor in the offense. Nor did the district court clearly err in attributing the entire loss amount to Alcinor, as any loss based on acts he aided and abetted are attributable to him. Finally, his sentence was neither procedurally nor substantively unreasonable; the district court adequately explained and weighed the relevant factors. Accordingly, we affirm.

**AFFIRMED.**